IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| AUTO-JET MUFFLER CORPORATION, AJ REAL ESTATE, LLC, and THE EXPANDIT COMPANY, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST, <br><br> Defendants. | **CASE NO. 4:24-cv-00329** <br><br><br> NOTICE OF REMOVAL |

Defendant, Selective Insurance Company of the Southeast (hereinafter collectively referred to as "Selective") hereby gives notice of this action pursuant 28 U.S.C § 1441 *et seq.* and Local Rule 81. Removal is in accordance with 28 U.S.C. § 1441 *et seq.*, as this Court would have had diversity jurisdiction over this action under 28 U.S.C. § 1332(a). In support of its Notice of Removal, Selective states as follows:

1. Plaintiffs, Auto-Jet Muffler Corporation, AJ Real Estate, LLC and The Expandit Company, LLC commenced a civil action on August 7, 2024, captioned *Auto-Jet Muffler Corporation, AJ Real Estate, LLC and The Expandit Company, LLC, Plaintiffs, v. Selective Insurance Company of the Southeast, Defendant,* in the Iowa District Court for Polk County, Case No. LACL159653 (the "State Court Action").

2. Selective has reviewed the state court's docket and determined that the following attached process and pleadings have been filed:

- Original Notice

- Petition at Law and Jury Demand

       -    Acceptance of Service

3. Plaintiffs served Selective with copies of Plaintiffs' Petition at Law and Original Notice on August 26, 2024, through the Iowa Commissioner of Insurance. In accordance with 28 U.S.C. § 1446(b), Selective timely filed this Notice of Removal within 30 days of its receipt of Plaintiffs' Petition.

4. In the State Court Action, as set forth in the Petition, Plaintiffs claim that Selective breached the applicable insurance contract, committed common law fraud, and acted in bad faith as a result of not paying all or part of Plaintiffs' claims for commercial property damage from a wind and hail event that occurred on August 19, 2022.

5. The Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 for the reasons set forth below:

    a. **Complete diversity exists.** The following statements were true on <u>both</u> the date the Plaintiffs filed their Petition (August 7, 2024) and the date that the Selective filed its Notice of Removal (September 18, 2024):

       1. Plaintiffs are an Iowa corporation and two Iowa limited liability companies that own two properties located in Clive, Polk County, Iowa. (Plaintiffs' Petition ¶¶ 1, 4).

       2. The Iowa Secretary of State records show that Plaintiff Auto-Jet Muffler Corporation is a corporation that is incorporated in the state of Iowa and has a principal place of business in Clive, Polk County, Iowa. Plaintiff Auto-Jet Muffler Corporation is a citizen of the State of Iowa. *See* 28 U.S.C. § 1332(c)(1) (a corporation is a citizen of the state of its incorporation and the state of its principal place of business).

3. The Iowa Secretary of State records show that Plaintiff AJ Real Estate, LLC is a limited liability company that is organized in the state of Iowa and has a principal place of business in Clive, Polk County, Iowa. The Iowa Secretary of State records show that John L. Rapp is the member/manager of AJ Real Estate, LLC. Upon information and belief, John L. Rapp is a resident of West Des Moines, Polk County, Iowa. AJ Real Estate, LLC is a citizen of the State of Iowa.

4. The Iowa Secretary of State records show that Plaintiff The Expandit Company, LLC is a limited liability company that is organized in the state of Iowa and has a principal place of business in Winterset, Madison County, Iowa. The Iowa Secretary of State records show that John L. Rapp is the member/manager of The Expandit Company, LLC. Upon information and belief, John L. Rapp is a resident of West Des Moines, Polk County, Iowa. The Expandit Company, LLC is a citizen of the State of Iowa.

5. Defendant Selective Insurance Company of the Southeast is a property and casualty insurance company incorporated in the State of Indiana with its principal place of business in Branchville, New Jersey. Selective is a citizen of the States of Indiana and New Jersey.

b. **The amount in controversy exceeds $75,000.00.** Based on the content of Plaintiffs' Petition and their knowledge of the claim, Selective believes in good faith that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiffs state in their Petition that they have sustained damages in the amount of $1,060,777.82, less application of their insurance policy deductibles ($10,000.00/building) and Selective's prior

payments ($149,007.55).  *See* Plaintiffs' Petition, ¶ 11.  Selective satisfies its burden to prove that the amount in controversy exceeds $75,000.00.

The amount in controversy is measured by the "value to the plaintiffs of the right sought to be enforced."  *Advance Am. Servicing of Ark. v. McGinnis,* 526 F.3d 1170, 1173 (8th Cir. 2008).  *See also Hatridge v. Aetna Cas. & Surety Co.,* 415 F.2d 809, 815 (8th Cir. 1969) (the amount in controversy is the amount that the complainant seeks to recover or the sum that defendant will lose if the complainant wins the suit).  In other words, the amount in controversy is the amount that Plaintiffs will seek from a jury.  Plaintiffs will seek an amount greater than $75,000.00 in this case.  First, Plaintiffs seek compensatory damages for Selective's alleged breach of contract (Count I of Plaintiffs' Petition) for property damage in an amount in excess of $850,000.00.  Second, Plaintiffs also seek damages for alleged common law fraud (Count II of Plaintiffs' Petition).  Third, Plaintiffs further seek damages for alleged bad faith, including punitive damages (Count III of Plaintiffs' Petition).  Although Selective denies that its conduct constitutes bad faith or warrants punitive damages, punitive damages may be recoverable for bad faith.  *See Pogge v. Fullerton Lumber Co.,* 277 N.W.2d 916, 920 (Iowa 1979); *Stahl v. Preston Mut. Ins. Ass'n,* 517 N.W.2d 201, 203 (Iowa 1994).  "Punitive damages are included in determining the amount in controversy for diversity jurisdiction purposes."  *Varboncoeur v. State Farm Fire and Cas. Co.,* 356 F.Supp.2d 935 (S.D. Iowa 2005) (Order on Motion to Remand) (citing *Missouri ex rel. Pemiscot Co. v. Western Sur. Co.,* 51 F.3d 170, 173 (8th Cir. 1995); *Crawford v. F. Hoffman-La Roche Ltd.,* 267 F.3d 760, 766 (8th Cir. 2001) ("Punitive damages, of course, may be used to establish diversity jurisdiction.").

Therefore, when compiling all Plaintiffs' claims against Selective, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

Selective reserves the right to amend and/or supplement this Notice of Removal.

WHEREFORE Defendant, Selective Insurance Company of the Southeast, hereby removes the State Court Action pending as Case No. LACL159653 in the Iowa District Court for Polk County to this Honorable Court.

**LEDERER WESTON CRAIG, PLC**

By  /s/ *Brenda K. Wallrichs*
    Brenda K. Wallrichs AT0008203
    118 Third Avenue SE, Suite 700
    P. O. Box 1927
    Cedar Rapids, IA  52406-1927
    Phone: (319) 365-1184
    Fax: (319) 365-1186
    E-mail:  bwallrichs@lwclawyers.com

    ATTORNEYS FOR DEFENDANT
    SELECTIVE INSURANCE COMPANY
    OF THE SOUTHEAST

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 19, 2024, I electronically filed the foregoing with the Clerk of the U.S. District Court for the Southern District of Iowa, Central Division and that a true copy of the foregoing instrument was served upon all parties in interest to the above-entitled cause by *electronic* mail to each party at each party's respective e-mail address. The parties in interest referred to above are:

    ATTORNEYS FOR PLAINTIFFS
    Harley C. Erbe
    ERBE LAW FIRM
    Email: harleyerbe@erbelaw.com

I am not aware of any non-ECF system participants in this proceeding that require service by mail.

                                                           /s/ *Brenda K. Wallrichs*