IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | | |
|---|---|---|
| AUTO-JET MUFFLER CORPORATION, AJ REAL ESTATE, LLC, and THE EXPANDIT COMPANY, LLC, | * * * * * | NO. |
| Plaintiffs, | * * | |
| v. | * * | ORIGINAL NOTICE |
| SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST, | * * * | |
| Defendant. | * | |

TO THE ABOVE-NAMED DEFENDANTS:

You are notified that a petition has been filed in the office of the clerk of this court naming you as the defendant in this action. A copy of the petition (and any documents filed with it) is attached to this notice. The attorney for the plaintiff is Harley C. Erbe, whose address is 2501 Grand Avenue, Des Moines, Iowa 50312. That attorney's telephone number is (515) 281-1460; facsimile number (515) 384-0084.

You must serve a motion or answer within 20 days after service of this original notice upon you and, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Polk County at the county courthouse in Des Moines, Iowa. If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

                                          _____
                                          CLERK OF COURT
                                          Polk County Courthouse
                                          Des Moines, Iowa

**IMPORTANT**

YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS

001

# Iowa Judicial Branch

Case No.  **LACL159653**
County  **Polk**

Case Title  AUTO JET MUFFLER CORP ET AL VS SELECTIVE INSURANCE

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential.  For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(515) 561-5818** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/.  **Disability access coordinators cannot provide legal advice.**

Date Issued  **08/09/2024 11:13:09 AM**



District Clerk of Court or/by Clerk's Designee of  Polk    County
/s/ Cynthia (Cindi) Richey

002

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | | |
|---|---|---|
| AUTO-JET MUFFLER CORPORATION, AJ REAL ESTATE, LLC, and THE EXPANDIT COMPANY, LLC, | * * * * * | NO. |
| Plaintiffs, | * * | |
| v. | * * | |
| SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST, | * * * | PETITION AT LAW AND JURY DEMAND |
| Defendant. | * | |

**COME NOW,** the Plaintiffs and set forth its claims for relief and state:

### INTRODUCTION AND GENERAL ALLEGATIONS

1. Plaintiffs are corporations that own two properties in Polk County, Iowa.

2. Defendant, Selective Insurance Company of the Southeast (hereinafter "Defendant"), is an insurance company engaging in the business of insurance in the State of Iowa. The Defendant may be served, and has been served, with process by service upon the Iowa Insurance Commissioner at 1963 Bell Avenue, Suite 100, Des Moines, IA 50315, or through Counsel listed in this Complaint.

### JURISDICTION AND VENUE

2. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional boundaries.

3. Venue is proper in this Court because the insured property at issue is situated in this county and the events giving rise to this lawsuit occurred in this county.

### FACTS

4. Plaintiffs own the insured properties, which is specifically located are 9550 Swanson Boulevard and 9451 Swanson Boulevard in Clive, Iowa (hereinafter the "Properties").

5. At all times material hereto, in consideration of the premiums paid by Plaintiff to Defendant, Plaintiffs maintained a policy of insurance covering the Properties for wind and hail damage(s) with Defendant, policy number S-2492594, beginning June 30, 2022, and ending June 30, 2023, (hereinafter the "Policy").

6. On or about August 19, 2022, the Properties suffered a covered cause of loss from wind and hail.

7. Plaintiffs timely submitted a claim to Defendant against the Policy for damages the Properties sustained as a result of the hail and wind.

8. Upon information and belief, Defendant assigned number 22410464 for this claim.

9. Defendant conducted an inspection of the Properties and determined that Plaintiffs' Properties had incurred covered damages in the amount $180,891.82 before application of the appropriate deductible.

10. Plaintiffs retained a public adjuster, National Claims Negotiators ("National Claims") to represent it in its claim against Defendant.

11. National Claims conducted an inspection of the Properties and determined that Plaintiffs had incurred covered damage to the Properties in the amount of $1,060,777.82 prior to application of the deductible or prior payments.

12. Upon information and belief, Defendant's flawed and severely undervalued estimate of Plaintiffs' covered damages under the Policy for the claim at issue in the Lawsuit was based upon Defendant's Claims Handling Guidelines, Estimating Guidelines, and Damage Assessment Guidelines, the adequacy, fairness, and accuracy of which are squarely at issue in

this case.

13. To date, Defendant continues to delay in full payment for the damages to the Properties. As such, Plaintiffs have not been paid in full for the damages to the Property.

14. Defendant set about to deny and/or underpay on properly covered damages. As a result of Defendant's unreasonable investigation of these claims, including not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during their investigation and thus denying adequate and sufficient payment to Plaintiffs to repair the Properties, Plaintiffs' claims were improperly adjusted. The mishandling of Plaintiffs' claims have also caused a delay in its ability to fully repair the Properties, which has resulted in additional damages. To this date, Plaintiffs have yet to receive the full payment to which it is entitled under the Policy.

15. Defendant failed to perform their contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, they refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by the Plaintiffs. Defendant's conduct constitutes a breach of the insurance contracts between Defendant and Plaintiffs.

## COUNT I - BREACH OF CONTRACT

16. Plaintiffs reallege and incorporate by reference paragraphs 1 through 15 of this Petition as if fully set forth herein.

17. The subject Policy is valid, binding, and enforceable contract between Plaintiff and Defendant.

18. On information and belief, on August 19, 2022, Plaintiffs suffered a covered loss

under the subject Policy.

19. Defendant underestimated and under adjusted the subject loss, and in doing so, has failed and refused to pay the full amount due for Plaintiffs' loss.

20. Defendant's conduct constitutes a breach of the insurance contract made between Defendant and Plaintiffs.

21. Defendant's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Iowa, constitutes a breach of Defendant's insurance contract with Plaintiffs.

22. The Defendant's breach proximately caused Plaintiffs' damages.

23. All conditions precedent required under the Policies have been performed, excused, waived, or otherwise satisfied by the Plaintiffs.

**WHEREFORE**, Plaintiffs pray for judgment against Defendant in an amount sufficient to fully and fairly compensate it for its damages, together with interest thereon as provided by law and the costs of this action.

## COUNT II - COMMON LAW FRAUD

24. Plaintiffs reallege and incorporate by reference paragraphs 1 through 23 of this Petition as if fully set forth herein.

25. Defendant is liable to Plaintiffs for common law fraud.

26. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendant knew were false or made recklessly without any knowledge of their truth as a positive assertion.

27. The statements were made with the intention that they should be acted upon by

Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer damages and constituting common law fraud.

28. The Defendant knowingly or recklessly made false representations as to material facts and/or knowingly concealed all or part of material information from Plaintiffs with the intent of inducing Plaintiffs to accept a denial and/or underpayment of insurance benefits. The Defendant allowed Plaintiffs to use this information, or lack thereof, in justifiable reliance in accepting the denial and/or underpayment. Plaintiffs relied upon said statements in accepting the denial and/or underpayment of the claims, and suffered damages as a result.

**WHEREFORE**, Plaintiffs prays for judgment against Defendant in an amount sufficient to fully and fairly compensate them for its injuries, together with interest thereon as provided by law and the costs of this action.

## COUNT III – FIRST-PARTY INSURANCE BAD FAITH

29. Plaintiffs reallege and incorporate by reference paragraphs 1 through 28 of this Petition as if fully set forth herein.

30. Defendant offered Plaintiffs less than the proper claim amount for Plaintiffs' property damage claim.

31. Defendant had no reasonable basis for its claims decisions.

32. Defendant knew or had reason to know that it had no reasonable basis for its claims decisions.

33. Plaintiffs have suffered damages as a proximate result of Defendant's claims decisions.

34. Defendant willfully or recklessly disregarded Plaintiffs' coverage under the aforesaid policy.

**WHEREFORE**, Plaintiffs pray for judgment against Defendant in an amount sufficient to fully and fairly compensate it for its actual and compensatory damages, together with punitive damages, interest thereon as provided by law, and the costs of this action.

## DAMAGES

35. Upon the trial of this case, it shall be shown Plaintiffs sustained damages as a result of Defendant's conduct. Plaintiffs respectfully request the Court and jury award the amount of loss Plaintiffs have incurred in the past and will incur in the future. There are certain elements of damages to be considered separately and individually for the purpose of determining the sum of money that would fairly and reasonably compensate Plaintiffs for their damages and losses incurred and to be incurred. From the date of the occurrences in question until the time of trial of this cause, Plaintiffs seek every element of damages allowed by Iowa law with respect to the causes of action mentioned above, including, but not limited to, Plaintiffs' actual damages, policy benefits, pre-judgment interest, post-judgment interest, consequential damages, court costs, attorneys' fees, statutory interest, and exemplary damages.

36. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

37. The damages caused by wind and hail have not been properly addressed or repaired in the months since the storms, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant's mishandling of Plaintiffs' claims in violation of the laws set forth above.

38. For breach of contract, Plaintiffs are entitled to regain the benefit of its bargain, which is the amount of the claims.

39. For breach of the common law duty of good faith and fair dealing, Plaintiffs are

entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurers owed, exemplary damages, and damages for emotional distress.

40. For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorneys' fees, interest, and court costs.

41. For the prosecution and collection of these claims, Plaintiffs have been compelled to engage the services of the attorneys whose names are subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Iowa.

## JURY DEMAND

42. Plaintiffs request a jury trial on all issues so triable in this matter.

## PRAYER

**WHEREFORE**, Plaintiffs respectfully request that final judgment be rendered for the Plaintiffs as follows:

1) Judgment against Defendant for actual damages in an amount to be determined by the jury;
2) Statutory benefits;
3) Treble damages;
4) Exemplary and punitive damages;
5) Pre-judgment interest as provided by law;
6) Post-judgment interest as provided by law;
7) Attorneys' fees;
8) Costs of suit;

9) Such other and further relief to which Plaintiff may be justly entitled.

        Respectfully submitted,

By: /_____
   Harley C. Erbe, AT0002430
   ERBE LAW FIRM
   2501 Grand Avenue
   Des Moines, Iowa 50312
   Telephone: (515) 281-1460
   Facsimile: (515) 281-1474
   E-Mail: harleyerbe@erbelaw.com

**ATTORNEYS FOR PLAINTIFFS**

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

Case Number: LACL159653

| | |
|---|---|
| AUTO-JET MUFFLER CORPORATION, AJ REAL ESTATE, LLC, and THE EXP AND IT COMPANY, LLC,<br>Plaintiff(s),<br><br>v.<br><br>SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST,<br>Defendant(s), | ACCEPTANCE OF SERVICE |

Service of the foregoing, ORIGINAL NOTICE, PETITION ET AL, is hereby accepted as provided by the law for SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST, defendant named herein, the 26th of AUGUST, 2024.

Commissioner of Insurance

Doug Ommen