IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| AUTO-JET MUFFLER CORPORATION, AJ REAL ESTATE, LLC, and THE EXPANDIT COMPANY, LLC,<br><br>   Plaintiffs,<br>v.<br><br>SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST,<br><br>   Defendants. | CASE NO. 4:24-cv-00329-SHL-SBJ<br><br><br>ANSWER AND AFFIRMATIVE DEFENSES TO PETITION AT LAW AND JURY DEMAND |

## INTRODUCTION AND GENERAL ALLEGATIONS

1. Plaintiffs are corporations that own two properties in Polk County, Iowa.

**ANSWER: Admit that Plaintiff Auto-Jet Muffler Corporation is a corporation, and that Plaintiffs own two properties in Polk County, Iowa. The remaining allegations of paragraph 1 are denied for lack of information.**

2. Defendant, Selective Insurance Company of the Southeast (hereinafter "Defendant"), is an insurance company engaging in the business of insurance in the State of Iowa. The Defendant may be served, and has been served, with process by service upon the Iowa Insurance Commissioner at 1963 Bell Avenue, Suite 100, Des Moines, IA 50315, or through Counsel listed in this Complaint.

**ANSWER: Admit.**

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional boundaries.

**ANSWER: Admit.**

3. Venue is proper in this Court because the insured property at issue is situated in this county and the events giving rise to this lawsuit occurred in this county.

**ANSWER: Admit.**

## FACTS

4. Plaintiffs own the insured properties, which is specifically located are 9550 Swanson Boulevard and 9451 Swanson Boulevard in Clive, Iowa (hereinafter the "Properties").

**ANSWER: Admit.**

5. At all times material hereto, in consideration of the premiums paid by Plaintiff to Defendant, Plaintiffs maintained a policy of insurance covering the Properties for wind and hail damage(s) with Defendant, policy number S-2492594, beginning June 30, 2022, and ending June 30, 2023, (hereinafter the "Policy").

**ANSWER: Admit.**

6. On or about August 19, 2022, the Properties suffered a covered cause of loss from wind and hail.

**ANSWER: Admit the properties sustained a hail loss, but deny they sustained a wind loss.**

7. Plaintiffs timely submitted a claim to Defendant against the Policy for damages the Properties sustained as a result of the hail and wind.

**ANSWER: Admit Plaintiffs timely submitted a claim for hail loss, but deny they submitted a claim for wind loss.**

8. Upon information and belief, Defendant assigned number 22410464 for this claim.

**ANSWER: Admit.**

9. Defendant conducted an inspection of the Properties and determined that Plaintiffs'

Properties had incurred covered damages in the amount $180,891.82 before application of the appropriate deductible.

**ANSWER: Deny. Selective determined damage to the properties was $169,007.55 on an actual cash value basis before application of the deductibles.**

10. Plaintiffs retained a public adjuster, National Claims Negotiators ("National Claims") to represent it in its claim against Defendant.

**ANSWER: Admit.**

11. National Claims conducted an inspection of the Properties and determined that Plaintiffs had incurred covered damage to the Properties in the amount of $1,060,777.82 prior to application of the deductible or prior payments.

**ANSWER: Admit that National Claims conducted an inspection and that it contends the Properties sustained damages in the referenced amount but deny that the Properties were damaged to this extent and further deny that all of the damages identified by National Claims constitute covered damages.**

12. Upon information and belief, Defendant's flawed and severely undervalued estimate of Plaintiffs' covered damages under the Policy for the claim at issue in the Lawsuit was based upon Defendant's Claims Handling Guidelines, Estimating Guidelines, and Damage Assessment Guidelines, the adequacy, fairness, and accuracy of which are squarely at issue in this case.

**ANSWER: Deny.**

13. To date, Defendant continues to delay in full payment for the damages to the Properties. As such, Plaintiffs have not been paid in full for the damages to the Property.

**ANSWER: Deny.**

14. Defendant set about to deny and/or underpay on properly covered damages. As a result of Defendant's unreasonable investigation of these claims, including not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during their investigation and thus denying adequate and sufficient payment to Plaintiffs to repair the Properties, Plaintiffs' claims were improperly adjusted. The mishandling of Plaintiffs' claims have also caused a delay in its ability to fully repair the Properties, which has resulted in additional damages. To this date, Plaintiffs have yet to receive the full payment to which it is entitled under the Policy.

**ANSWER: Deny.**

15. Defendant failed to perform their contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, they refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by the Plaintiffs. Defendant's conduct constitutes a breach of the insurance contracts between Defendant and Plaintiffs.

**ANSWER: Deny.**

### COUNT I - BREACH OF CONTRACT

16. Plaintiffs reallege and incorporate by reference paragraphs 1 through 15 of this Petition as if fully set forth herein.

**ANSWER: Defendant realleges and incorporates by this reference its answers to paragraphs 1 through 15, above, as if fully set forth herein.**

17. The subject Policy is valid, binding, and enforceable contract between Plaintiff and Defendant.

**ANSWER: Admit.**

18. On information and belief, on August 19, 2022, Plaintiffs suffered a covered loss under the subject Policy.

**ANSWER: Admit.**

19. Defendant underestimated and under adjusted the subject loss, and in doing so, has failed and refused to pay the full amount due for Plaintiffs' loss.

**ANSWER: Deny.**

20. Defendant's conduct constitutes a breach of the insurance contract made between Defendant and Plaintiffs.

**ANSWER: Deny.**

21. Defendant's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Iowa, constitutes a breach of Defendant's insurance contract with Plaintiffs.

**ANSWER: Deny.**

22. The Defendant's breach proximately caused Plaintiffs' damages.

**ANSWER: Deny.**

23. All conditions precedent required under the Policies have been performed, excused, waived, or otherwise satisfied by the Plaintiffs.

**ANSWER: Deny.**

WHEREFORE, Defendant respectfully requests that the Court enter judgment in favor of Defendant and dismiss Plaintiffs' Petition with costs assessed against Plaintiffs.

**COUNT II - COMMON LAW FRAUD**

24. Plaintiffs reallege and incorporate by reference paragraphs 1 through 23 of this

Petition as if fully set forth herein.

**ANSWER: Defendant realleges and incorporates by this reference its answers to paragraphs 1 through 23, above, as if fully set forth herein.**

25.     Defendant is liable to Plaintiffs for common law fraud.

**ANSWER: Deny.**

26.     Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendant knew were false or made recklessly without any knowledge of their truth as a positive assertion.

**ANSWER: Deny.**

27.     The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer damages and constituting common law fraud.

**ANSWER: Deny.**

28.     The Defendant knowingly or recklessly made false representations as to material facts and/or knowingly concealed all or part of material information from Plaintiffs with the intent of inducing Plaintiffs to accept a denial and/or underpayment of insurance benefits. The Defendant allowed Plaintiffs to use this information, or lack thereof, in justifiable reliance in accepting the denial and/or underpayment. Plaintiffs relied upon said statements in accepting the denial and/or underpayment of the claims, and suffered damages as a result.

**ANSWER: Deny.**

WHEREFORE, Defendant respectfully requests that the Court enter judgment in favor of Defendant and dismiss Plaintiffs' Petition with costs assessed against Plaintiffs.

## COUNT III – FIRST-PARTY INSURANCE BAD FAITH

29. Plaintiffs reallege and incorporate by reference paragraphs 1 through 28 of this Petition as if fully set forth herein.

**ANSWER: Defendant realleges and incorporates by this reference its answers to paragraphs 1 through 28, above, as if fully set forth herein.**

30. Defendant offered Plaintiffs less than the proper claim amount for Plaintiffs' property damage claim.

**ANSWER: Deny.**

31. Defendant had no reasonable basis for its claims decisions.

**ANSWER: Deny.**

32. Defendant knew or had reason to know that it had no reasonable basis for its claims decisions.

**ANSWER: Deny.**

33. Plaintiffs have suffered damages as a proximate result of Defendant's claims decisions.

**ANSWER: Deny.**

34. Defendant willfully or recklessly disregarded Plaintiffs' coverage under the aforesaid policy.

**ANSWER: Deny.**

WHEREFORE, Defendant respectfully requests that the Court enter judgment in favor of Defendant and dismiss Plaintiffs' Petition with costs assessed against Plaintiffs.

## DAMAGES

35. Upon the trial of this case, it shall be shown Plaintiffs sustained damages as a result

of Defendant's conduct. Plaintiffs respectfully request the Court and jury award the amount of loss Plaintiffs have incurred in the past and will incur in the future. There are certain elements of damages to be considered separately and individually for the purpose of determining the sum of money that would fairly and reasonably compensate Plaintiffs for their damages and losses incurred and to be incurred. From the date of the occurrences in question until the time of trial of this cause, Plaintiffs seek every element of damages allowed by Iowa law with respect to the causes of action mentioned above, including, but not limited to, Plaintiffs' actual damages, policy benefits, pre-judgment interest, post-judgment interest, consequential damages, court costs, attorneys' fees, statutory interest, and exemplary damages.

**ANSWER: The statements set forth in paragraph 35 constitute argument such that no response by Defendant is required. To the extent a response is necessary, Defendant denies the allegations set forth in paragraph 35.**

36. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

**ANSWER: The statements in paragraph 36 constitute argument such that no response by Defendant is required. To the extent a response is necessary, Defendant denies the allegations set forth in paragraph 36.**

37. The damages caused by wind and hail have not been properly addressed or repaired in the months since the storms, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant's mishandling of Plaintiffs' claims in violation of the laws set forth above.

**ANSWER: Deny.**

38. For breach of contract, Plaintiffs are entitled to regain the benefit of its bargain,

which is the amount of the claims.

**ANSWER: Deny.**

39. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurers owed, exemplary damages, and damages for emotional distress.

**ANSWER**: **Deny.**

40. For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorneys' fees, interest, and court costs.

**ANSWER: Deny.**

41. For the prosecution and collection of these claims, Plaintiffs have been compelled to engage the services of the attorneys whose names are subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Iowa.

**ANSWER: Deny.**

## **AFFIRMATIVE DEFENSES**

COMES NOW Selective Insurance Company of the Southeast, and asserts the following affirmative defense to Plaintiffs' claims:

1. Plaintiffs have failed to state a claim upon which relief may be granted.

2. Policy exclusions and endorsements apply and bar coverage for some or all of Plaintiffs' claims and claimed damages, including but not limited to the Limitations on Coverage for Roof

Surfacing endorsement.

        **LEDERER WESTON CRAIG, PLC**

        By  /s/ *Brenda K. Wallrichs*
        Brenda K. Wallrichs AT0008203
        118 Third Avenue SE, Suite 700
        P. O. Box 1927
        Cedar Rapids, IA  52406-1927
        Phone: (319) 365-1184
        Fax: (319) 365-1186
        E-mail:  bwallrichs@lwclawyers.com

        ATTORNEYS FOR DEFENDANT
        SELECTIVE INSURANCE COMPANY
        OF THE SOUTHEAST

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 26, 2024, I electronically filed the foregoing with the Clerk of the U.S. District Court for the Southern District of Iowa, Central Division and that a true copy of the foregoing instrument was served upon all parties in interest to the above-entitled cause by *electronic* mail to each party at each party's respective e-mail address.  The parties in interest referred to above are:

**ATTORNEYS FOR PLAINTIFFS**
Harley C. Erbe
ERBE LAW FIRM
Email: harleyerbe@erbelaw.com

I am not aware of any non-ECF system participants in this proceeding that require service by mail.

                /s/  *Brenda K. Wallrichs*